UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TRACY ROBERTS and | ) | CASE NO.: 08-32529(1)(7) |
| JENNIFER ROBERTS | ) | |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| JOHN R. WILSON, TRUSTEE | ) | AP NO.:    09-3001 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BLACK HILLS FEDERAL CREDIT | ) | |
| UNION | ) | |
| | ) | |
| Defendant(s) | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion to Dismiss the Complaint of Plaintiff John R. Wilson, Trustee ("Trustee") filed by Black Hills Federal Credit Union ("Black Hills"). The Court considered the Motion of Black Hills, the Response of the Trustee and the Reply Briefs filed by Black Hills and the Trustee. The Court **DENIES** the Motion to Dismiss. An Order accompanies this Memorandum-Opinion.

**LEGAL ANALYSIS**

Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure, which incorporates Fed. R. Civ. P. 12(b)(6), provides that the court may dismiss a case for "failure to state a claim upon which relief can be granted." Such a motion should only be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief.

Hartford Fire Ins. Co. v. California, 509 U.S. 764 (1993).  With respect to this standard, all factual allegations must be accepted as true, and where an allegation is capable of more than one inference, it must be construed in the plaintiff's favor.  Pik-Coal Co. v. Big Rivers Elec. Corp., 200 F.3d 884, 886, n.2 (6th Cir. 2000).

The Trustee's Complaint adequately sets forth a claim for the recovery of money pursuant to 11 U.S.C. §547.  Black Hills contends the Credit Agreement between it and the Debtors entitled it to offset Debtors' account prior to the date the Debtors filed their Petition.  Without any supporting evidence, Black Hills states its actions were based on a telephone call received from the Debtors prior to the date the Petition was filed.  Debtors dispute this assertion thereby creating an issue of fact making dismissal of the claim inappropriate.

## CONCLUSION

Accordingly, since there is no evidentiary basis to support the Motion to Dismiss, it must be **DENIED**.  An Order accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  April 7, 2009

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TRACY ROBERTS and | ) | CASE NO.: 08-32529(1)(7) |
| JENNIFER ROBERTS | ) | |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| JOHN R. WILSON, TRUSTEE | ) | AP NO.:    09-3001 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BLACK HILLS FEDERAL CREDIT | ) | |
| UNION | ) | |
| | ) | |
| Defendant(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss of Black Hills Federal Credit Union, be and hereby is, **DENIED**.

Defendant Black Hills Federal Credit Union shall have ten (10) days from the date of this Order within which to file its answer and/or other responsive pleading to the Complaint of John R. Wilson, Trustee.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  April 7, 2009